Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONICA EMERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, and DOES 1-10,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br>2. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ<br>3. VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT, CAL. CIV. C. § 1750, ET. SEQ.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MONICA EMERSON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant WELLS FARGO & COMPANY. upon information and belief based upon personal knowledge:

## INTRODUCTION

1.  Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL").

2.  Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b). Additionally, Defendant had a common practice of having Plaintiff and other consumers open up additional accounts in order to generate referral fees, which it would then set up automatic fund transfers between, but ultimately charged additional fees and costs between those additional accounts so as to cause harm to Plaintiff and consumers. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

///

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

5. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff, Monica Emerson ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

8. At all relevant times herein, Defendant, Wells Fargo & Company ("Defendant"), is a Delaware Corporation engaged in the business of providing banking and finance products with its principle place of business in California.

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

11. Plaintiff had multiple personal banking accounts with Defendant for many years.

12. Prior to 2016, Defendant told and convinced Plaintiff to open up an additional account (a "Dummy Account") for each personal banking account she had with Defendant. Each Dummy Account was setup to transfer $100 between Plaintiff's main personal banking account to each Dummy Account, which would then transfer the $100 back to the main personal banking account.

13. Defendant represented that this would prevent Plaintiff from incurring fees or costs associated with her main personal banking accounts.

14. Later in 2016, Plaintiff requested Defendant close all of her accounts with Defendant. Plaintiff signed and executed agreements provided by Defendant in order to do so, and was informed by Defendant that all of her main accounts and Dummy Accounts had been closed.

15. In reality, Defendant had failed to close one of the Dummy Accounts, which had a $100 balance in it, and proceeded to charge her fees and costs on it to extinguish the $100 balance.

16. Plaintiff only discovered this in early 2017 because she received a bill stating that her Dummy Account was negative and that she owed an overdraft charge and money to Defendant.

17. Defendant charged Plaintiff's Dummy Account without obtaining authorization from Plaintiff as she had closed all her accounts, and Defendant had begun deducting sums from Plaintiff's account on a regular basis.

18. Plaintiff never provided Defendant with any authorization to deduct these sums of money on a regular recurring basis from Plaintiff's banking account.

19. Defendant continued to deduct this monthly sum from Plaintiff for a few months, without Plaintiff's authorization.

20. Further, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these increased recurring or automatic payments.

21. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

22. Further, Plaintiff alleges that Defendant's practice of pressuring consumers to open Dummy Accounts and then charging unauthorized fees and costs on those Accounts when consumers attempt to cancel constitutes an unfair business practice in violation of the Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 et. seq. ("UCL").

23. Such sales tactics employed on Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

24. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to open additional accounts with Defendant.

25. Plaintiff reasonably believed and relied upon Defendant's representations as to the nature and terms of its Dummy Accounts, as well as the closure of the Dummy Accounts.

26. Plaintiff materially changed her position by opening the Dummy

Accounts with Defendant and having her money transferred between them, and further suffered material harm from Defendant's charging of unauthorized fees and costs.

27. Plaintiff would not have opened Dummy Accounts with Defendant if she knew that the above-referenced statements made by Defendant were false.

28. Had Defendant properly represented that it would charge fees and costs on the Dummy Accounts, Plaintiff would not have opened Dummy Accounts with Defendant.

29. Defendant benefited from falsely representing the nature of its Dummy Accounts. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of two proposed classes (jointly "The Classes"). The first Class (hereafter "The EFTA Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

31. The second Class (hereafter "the UCL Class") is defined as follows:

> All persons in California whose bank accounts were debited on a reoccurring basis by Defendant after the persons had closed their Accounts with Defendant within the four years prior to the filing of this Complaint.

32. Plaintiff represents, and is a member of The EFTA Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendant without Defendant obtaining a written authorization

signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

33. Plaintiff represents, and is a member of The UCL Class, consisting of all persons in California whose bank accounts were debited on a reoccurring basis by Defendant after the persons had closed their Accounts with Defendant within the four years prior to the filing of this Complaint.

34. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

36. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

37. There are questions of law and fact common to the EFTA Class affecting the parties to be represented. The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class members and include, but are not necessarily limited to, the following:

    a. The members of the Class were not provided with, nor did they execute, written agreements authorizing the automatic or recurring electronic payments.

  b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

  c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

  d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

38. There are questions of law and fact common to the UCL Class affecting the parties to be represented. The questions of law and fact to the UCL Class predominate over questions which may affect individual UCL Class members and include, but are not necessarily limited to, the following:

  a. Whether Defendant engaged in unlawful, unfair, or deceptive business practices in inducing Plaintiff and other Class Members to open Dummy Accounts which it would then charge fees and costs on;

  b. Whether Defendant made misrepresentations with respect to the nature of its Dummy Accounts;

  c. Whether Defendant profited from those representations;

  d. Whether Defendant violated California Bus. & Prof. Code § 17200, et seq. California Bus. & Prof. Code § 17500, et seq., and California Civ. Code § 1750, et seq.;

  e. Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

  f. Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

      g. The method of calculation and extent of damages for Plaintiff and Class Members.

39. As someone whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers and without being provided clear and conspicuous notice of the price increases, Plaintiff is asserting claims that are typical of The Classes.

40. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

41. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

42. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

43. Defendant has acted or refused to act in respects generally applicable

to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

# COUNT I:
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
## ON BEHALF OF THE EFTA CLASS

44. Plaintiff reincorporates by reference all of the preceding paragraphs.

45. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

46. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

47. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

48. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

49. In multiple instances, Defendant has debited fees and costs from Plaintiff's and also the putative Class members' bank accounts on a recurring basis

without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers for the fees and costs charged from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

50. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## COUNT II:
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 INDIVIDUALLY AND ON BEHALF OF THE UCL CLASS

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

53. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

54. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

55. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the UCL Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's practice of charging undisclosed fees and costs on its Dummy Accounts. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the UCL Class.

56. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant converted large sums of money from Plaintiff and UCL Class members without written authorization or notice. This systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiff and the members of the UCL Class is not outweighed by any countervailing benefits to consumers.

57. Finally, the injury suffered by Plaintiff and members of the UCL Class is not an injury that these consumers could reasonably have avoided. Defendant misappropriated funds from Plaintiff and other consumers, and these consumers suffered injury in fact due to Defendant's undisclosed and unexpected fees and costs. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the UCL Class members. Therefore, the injury suffered by Plaintiff and members of the UCL Class is not an injury which these consumers could reasonably have avoided.

58. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

59. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

60. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

61. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant had a duty to disclose the fees and costs on its Dummy Accounts, failed to do so, and misappropriated significant sums of money from Plaintiff and UCL Class members, who reasonably relied on Defendant's representations, causing considerable actual damages.

62. Plaintiff's reliance is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's

fraudulent business practice would deceive other members of the public.

63. Defendant's undisclosed fees and costs, coupled with any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

64. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### U̲N̲L̲A̲W̲F̲U̲L̲

65. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

66. As explained above, Defendant deceived Plaintiff and other Class Members by deducting unauthorized sums from their accounts without advanced clear and conspicuous notice of its fees and costs.

67. Defendant's acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq. for violating EFTA.

68. Defendant's conduct caused and continues to cause economic harm to Plaintiff and UCL Class Members.

### COUNT III:
### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT,
### CAL. CIV. C. § 1750 ET. SEQ.
### INDIVIDUALLY AND ON BEHALF OF THE UCL CLASS

69. Plaintiff incorporates by reference each allegation set forth above herein.

70. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. to the extent that Defendant violates the following provisions of the CLRA:

　　a. Representing that goods or services have sponsorship, approval,

**CLASS ACTION COMPLAINT**
-14-

      characteristics, ingredients, uses, benefits, or quantities which they do not have; *Cal. Civ. C. § 1770(a)(5)*;

  b. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve; *Cal. Civ. C. § 1770(a)(14)* and

  c. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. C. § 1770(a)(16)*.

71. On or about October 11, 2017, through her Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. Defendant has not replied to this correspondence at this time, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## TRIAL BY JURY

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MONICA EMERSON, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, for the following:

  a. That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

    b. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

    c. Actual damages;

    d. Restitution of the funds improperly obtained by Defendant;

    e. Any and all statutory enhanced damages;

    f. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

    g. For equitable and injunctive and pursuant to California Business and Professions Code § 17203;

    h. For prejudgment interest at the legal rate; and

    i. Any other relief this Honorable Court deems appropriate.

Respectfully submitted this 11th Day of October, 2017.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                By:   /s/ Todd M. Friedman
                          Todd M. Friedman
                          Law Offices of Todd M. Friedman
                          Attorney for Plaintiff